IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MERLE HOAG,
    Petitioner,

v.

SUPERINTENDENT MR. SOBINA, et al.,
    Respondents.

C.A. No. 08-132 Erie

Magistrate Judge Baxter

**OPINION AND ORDER**

Chief Magistrate Judge Susan Paradise Baxter.

## I. INTRODUCTION

### A. Relevant Procedural and Factual History

This is a petition for writ of habeas corpus filed by a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania, where he is serving an aggregate sentence of life plus 34 to 68 years imprisonment, as a result of pleading guilty to a general count of criminal homicide, and pleading no contest to charges of burglary, robbery, abuse of a corpse, and possession of instruments of crime. The sentence was imposed by the Erie County Court of Common Pleas on February 10, 1986, at docket nos. 1909, 1910A & B, and 1912 of 1984. Petitioner filed a direct appeal from his judgment of sentence with the Pennsylvania Superior Court on February 27, 1986. On February 3, 1987, the Superior Court affirmed the judgment of sentence. No further direct appeal was taken.

On or about August 12, 1990, Petitioner filed with the trial court a petition under the Post Conviction Relief Act ("PCRA petition"), claiming ineffective assistance of trial counsel. This PCRA petition was denied on November 8, 1990. Petitioner appealed the denial of his PCRA petition to the Pennsylvania Superior Court on November 19, 1990. On June 14, 1991, the Superior Court affirmed the denial of the PCRA petition and no further appeal was taken.

Petitioner filed a second PCRA petition on March 7, 1996, claiming ineffective assistance of all prior counsel. This petition was denied without hearing on April 29, 1996. This denial was not appealed by Petitioner.

On April 23, 1998, Plaintiff filed a third PCRA petition, again citing ineffective assistance of counsel. This petition was denied without hearing on May 21, 1998. Petitioner appealed this denial to the Pennsylvania Superior Court on June 1, 1998. On April 7, 1999, the Superior Court affirmed the lower court's denial of Petitioner's third PCRA petition.

Petitioner filed a fourth PCRA petition on September 6, 2001, which was again denied without hearing on October 8, 2001. Petitioner appealed this denial to the Pennsylvania Superior Court on October 24, 2001; however, this appeal was dismissed on March 19, 2002, because Petitioner failed to file a brief.

A fifth PCRA petition was subsequently filed by Petitioner on January 16, 2007. This petition was denied without hearing on February 27, 2007. This denial was appealed to the Superior Court on March 5, 2007. The Superior Court affirmed the denial on August 24, 2007. On September 21, 2007, Petitioner filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court; which was denied on December 6, 2007.

The instant habeas petition was filed on May 5, 2008. In response, the Respondent has filed a motion to dismiss arguing, *inter alia*, that Petitioner's habeas petition was filed well beyond the expiration of the applicable one-year statute of limitations. Despite having had ample time to do so, Petitioner has failed to file a response to Respondent's motion. This matter is now ripe for disposition.

**B.     Statute of Limitations.**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. Pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, the statute of limitations for filing a habeas petition is as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2244(d), a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

Here, Petitioner was sentenced on February 10, 1986, and subsequently filed a direct appeal to the Pennsylvania Superior Court, which affirmed the judgment of sentence on February 3, 1987. No further direct appeal was taken. Petitioner's conviction, thus, became "final" for purposes of federal habeas review on or about March 5, 1987, when his right to seek a direct appeal to the

Pennsylvania Supreme Court expired under Pennsylvania law. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

Since Petitioner's judgment of sentence became final well before AEDPA was enacted, he had at least one year from April 24, 1996 (the effective date of AEDPA) in which to file his federal habeas petition. See Burns v. Morton, 134 F.3d 109 (1998); Douglas v. Horn, 359 F.3d 257 (2004). However, the instant petition was not filed with this Court until May 5, 2008, more than twelve years after the expiration of the one year grace period following AEDPA's enactment. Nothing in the record indicates that Petitioner is entitled to take advantage of any of the exceptions to the one-year limitations period. Specifically, he has failed to show (i) that there was any State-created impediment to filing a timely habeas petition; (ii) that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iii) that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(B-D). Moreover, there is no indication that the doctrine of equitable tolling should be applied here.[1]

The only issue remaining, therefore, is whether the statute of limitations was tolled during the pendency of one or more of the five PCRA petitions that were filed by Petitioner after his judgment of sentence became final. The first such petition was filed and appealed to final review well before the enactment of AEDPA and, thus, had no effect on the limitation period, which did not begin to run until after AEDPA's enactment. The second petition was also filed prior to AEDPA's enactment, but was not denied until April 29, 1996, five days after AEDPA came into

---

[1] The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Petitioner's control that account for his failure to have filed his habeas petition in a timely manner.

effect. Allowing for the thirty day period in which Petitioner had to appeal the denial, the disposition of the second PCRA petition became final on May 29, 1996. As a result, the statute of limitations was tolled for a period of 35 days during the pendency of the second PCRA petition, thus extending the expiration date to May 29, 1997. No other PCRA petitions were filed during the one-year statutory period, as the third petition was not filed until April 23, 1998, nearly eleven months after the statute of limitations had already expired.

Based on the foregoing, therefore, Petitioner was required to file the instant petition on or before May 29, 1997. This he obviously failed to do, as the instant petition was not filed until approximately eleven years beyond the expiration of the limitations period. For this reason, the instant petition must be dismissed as untimely.

## III.  **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss [Document # 14] is GRANTED, and the instant petition for writ of habeas corpus is DISMISSED as untimely. The Clerk is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: December 22, 2008